**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| Vitria Technology, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Cincinnati Insurance Company, <br><br> Defendant. | NO. C 05-01951 JW <br><br> **ORDER DENYING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE AND GRANTING DEFENDANT'S MOTION TO CHANGE VENUE TO THE SOUTHERN DISTRICT OF OHIO** |

## I. INTRODUCTION

Vitria Technology, Inc. ("Plaintiff" or "Vitria") brings this action against Cincinnati Insurance Company ("Defendant" or "CIC"), alleging breach of contract of Plaintiff's software license.

Currently before this Court is Defendant's Motion to Dismiss for Improper Venue pursuant to Fed. R. Civ. P. 12(b)(3), or in the Alternative, Motion to Change Venue under 28 U.S.C. §§ 1406(a) and 1404(a). The Court considered the parties' pleadings and finds the matter to be suitable for disposition without oral argument. See Civ. L. R. 7-1(b). For the reasons set forth below, this Court DENIES Defendant's Motion to Dismiss for Improper Venue, but GRANTS Defendant's Motion to Transfer Venue to the Southern District of Ohio.

## II.  BACKGROUND

Plaintiff is a Delaware corporation with its principal place of business in Sunnyvale, California. Plaintiff has a permanent license to operate in Ohio. Plaintiff's principal office per the filing of its permanent license is at 650 W. Lake Center, 4555 Lake Forest Drive, 6th Floor, Cincinnati, Ohio. Defendant is a corporation organized and existing under the laws of Ohio, with its principal place of business in Fairfield, Ohio.

Plaintiff alleges that it entered into a software license and services agreement with Defendant in which Defendant has breached by impermissibly using their software. Plaintiff brings suit in the Northern District of California based solely on diversity jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff asserts venue in the Northern District of California based on the fact that a substantial part of the events giving rise to the claim occurred in this district. Defendant contends that Plaintiff fails to support such an assertion with any facts to substantiate its claim. (Motion at 2:2-6.)

It is undisputed that the relationship between Plaintiff and Defendant began when Defendant solicited Plaintiff's business at its headquarters in Sunnyvale, California. It is also undisputed that portions of the contract were negotiated via telephone and other means from California by Plaintiff. Plaintiff also sent agents to negotiate the contract in Ohio. Upon the execution of a licensing agreement, Plaintiff's employees were sent to Ohio to set-up their work system and for other support issues.

Defendant contends that the complaint should be dismissed for improper venue because: (1) the substantial part of the events leading up to the consummation of the contract did not occur in the Northern District of California; (2) the alleged breach did not occur in the Northern District of California; and (3) the alleged creation of an obligation or liability in the Northern District of California is not sufficient to establish venue pursuant to § 1391(a)(2).

In the alternative, Defendant contends that the complaint should be transferred to the Southern District of Ohio because: (1) the Southern District of Ohio is a district where a civil action might have been brought; and (2) the factors weigh in favor of transfer to the Southern District of Ohio.

Plaintiff contends that venue is proper in the Northern District of California because Defendant, as a corporation doing business in California, is subject to personal jurisdiction in the Northern District of California. Ultimately, Plaintiff contends that it would be inconvenient for Plaintiff to litigate in Ohio.

2

### III.  STANDARDS

**A.  Venue**

Under 28 U.S.C. § 1391(a), where federal subject matter jurisdiction is based solely on diversity of citizenship, venue is proper in the following judicial districts and no others; 1) if all defendants reside in the same state, a district where any defendant resides; or, 2) a district in which a "substantial part of the events or omissions on which the claim is based occurred, or where is located a substantial part of the property that is the subject of the action"; or, 3) if there is no district in which the action may otherwise be brought, a district in which any defendant is subject to personal jurisdiction at the time the action is commenced.  28 U.S.C. §§ 1391(a)(1) - (a)(3).

**B.  Transfer of Venue**

Title 28 U.S.C. § 1404(a) provides that the Court may transfer any civil action to any other district where it might have been brought for the "convenience of the parties and witnesses, in the interest of justice."  Section 1404(a) transfers are vested in the sound discretion of the Court.  Decker Coal v. Commonwealth Edison Co., 805 F.2d 834, 842-43 (9th Cir. 1986).  Normally, however, the plaintiff's choice of forum is to be given great weight.  Florens Container v. Cho Yang Shipping, 245 F. Supp. 2d 1086, 1092 (N.D. Cal. 2002).  Under section 1404(a), the moving party has the burden of showing that the balance of conveniences weighs heavily in favor of the transfer in order to overcome the strong presumption in favor of the plaintiff's choice of forum.  See Decker Coal Co. v. Commonwealth Edison Co., 805 F.2d 834, 843 (9th Cir. 1986); Piper Aircraft Co. v. Reyno, 454 U.S. 235, 255-56 (1981).

### IV.  DISCUSSION

**A.  The Northern District of California is the proper venue for this action.**

Pursuant to Fed. R. Civ. P. 12(b)(3), a defendant may move to dismiss a case for improper venue. Venue is proper in a district where a defendant resides.  28 U.S.C. § 1391.  For purposes of venue under 28 U.S.C. § 1391, "a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced."  28 U.S.C. § 1391(c). Since this is not a motion to dismiss for lack of personal jurisdiction, the Court need not explicate its analysis of whether CIC has sufficient minimum contact with California.  CIC is a corporation.  It purposefully availed itself to California when it solicited the software license and service agreements with

3

Vitria in California. Thus, CIC is subject to specific personal jurisdiction in the state of California. See McGee v. International Ins. Co., 355 U.S. 220 (1957) (upholding jurisdiction over claim arising out of a single contract solicited in the state).

Continuous but limited activity in the forum state, such as the ongoing business relationship in will also support specific jurisdiction, that is, jurisdiction over claims arising out of that continuous activity. Burger King Corp. v. Rudzewicz, 471 U.S. 462 (1985). It is undisputed that there was an ongoing business relationship between CIC and Vitria, giving rise to the breach of contract claim. Since Defendant is subject to specific personal jurisdiction in the state of California, venue is proper under § 1391(c). Therefore, Defendant's Motion to Dismiss for Improper Venue is DENIED.

**B.     For the convenience of the parties and witnesses, and in the interest of justice. the Southern District of Ohio is the more suitable venue.**

Factors supporting transfer under 28 U.S.C. § 1404(a) include when venue is proper because a "substantial part" of the events or omissions occurred locally. Other factors may support a discretionary transfer based on the convenience of parties and witnesses, the interests of justice, and the risks or burdens of defending in the chosen forum. 28 U.S.C. § 1404(a).

**1.     A Substantial Part of the Events Giving Rise to the Action Occurred in the Southern District of Ohio**

In determining whether venue is proper under 28 U.S.C. § 1391(a)(2), only those events and omissions that directly give rise to the claim are relevant. Jenkins Brick Co. v. Bremer, 321 F.3d 1366, 1372 (11th Cir. 2003). Relevant factors to be considered in a contract action are where the negotiations took place, where the contract was signed, where performance or breach occurred, or the place where parties acted or were engaged in business. Bates v. C & S Adjusters, Inc., 980 F.2d 865, 867 (2d Cir. 1992); Myers v. Bennett Law Offices, 238 F.3d 1068, 1076 (9th Cir. 2001).

In this case, the in-person contract negotiations between Plaintiff and Defendant took place in Ohio. More importantly, the performance, and the breach occurred in Ohio. While the Court agrees with Plaintiff's contention that California is the proper venue for this action since negotiations and execution of

4

1  the contract were conducted in California, in-person negotiations occurred in Ohio, as well as on-site

2  demonstrations. Mere execution of a contract does not weigh heavily in determining which forum state is

3  more convenient or proper.

4        The improper use of the software license is the alleged breach of contract which is the subject of

5  the dispute here. The location of this breach would be where instruments facilitating this breach, such as

6  servers are located. As all computer systems and alleged improper use of the software license occurred in

7  Ohio, Ohio would be a location of the substantial part of the events which are the subject of this suit.

### 2. The Convenience of the Parties and the Witnesses

9        Plaintiff has its main office in Ohio. Plaintiff has had employees providing on-site services such as

10 set up and support for Defendant in Ohio. In sending agents and support staff to Ohio to foster the

11 contract currently in dispute, it does not appear to this Court that it would be burdensome for Plaintiff to

12 resend the same people involved in the dispute to Ohio for the purpose of litigation. Plaintiff contends that

13 since all of its corporate documents are located in California, Plaintiff would be inconvenienced if the action

14 is litigated in Ohio. The Court is not convinced that Plaintiff will be inconvenienced since Plaintiff also has

15 offices in Ohio. Additionally, with today's technological advances, the Court does not believe that Plaintiff

16 would have any difficulty transporting those corporate documents to Ohio for the purpose of litigation.

17       In contrast, the Northern District of California would be inconvenience for the Defendant.

18 Defendant's main business is in Ohio. Material evidence, such as Defendant's servers and equipment, are

19 all located in Ohio. There is likely to be significant examination of such bulky equipment which is difficult to

20 transport. Additionally, it will be burdensome for Defendant to terminate use of those equipments because

21 it is likely that the equipments are being used for current business activities. These factors clearly weighs in

22 favor of a transfer of venue to Ohio.

23       In weighing the convenience of the witnesses, the Court considers not only the number of witnesses

24 involved, but also the materiality of the expected testimony. E. & J. Gallo Winery v. F.& P. S.p.A., 899 F.

25 Supp. 465, 466 (E.D. Cal. 1994) (suggesting materiality is a factor by requiring disclosure of anticipated

26 testimonies). The convenience of expert witnesses is given little weight. Williams v. Bowman, 157 F.

Supp. 2d 1103, 1108 (N.D. Cal. 2001). Plaintiff does not dispute Defendant's contention that witnesses and parties who are: (1) responsible for the negotiation and execution of the Agreement, and the implementation of the software; and (2) knowledgeable about whether the alleged breach is a breach, all live in Ohio. Plaintiff merely contends that of the 33 individuals that Plaintiff has identified as having "involvement" *on Plaintiff's behalf* in the negotiation and performance of the License Agreement, 17 live within the Northern District of California. On balance, it appears that the materiality of the expected testimony weighs in favor of the Defendant because most of the key witnesses live in Ohio. Thus, venue is more proper in the Southern District of Ohio for the conveniences of the majority of the anticipated witnesses in this litigation.

### 3.  **The Interest of Justice**

The "interest of justice" prong of § 1404(a) covers more than just the quest for a fair trial. Plaintiff's argument that as Defendant insures California residents, Defendant's alleged breach of contract is of substantial local interest is flawed. While Defendant's businesses with California residents may subject Defendant to personal jurisdiction in the state, Defendant's alleged breach of contract of a licensing agreement with Plaintiff has little to do with Defendant's insured. In engaging in contract negotiations and indeed ongoing businesses with Defendant, Plaintiff has had sufficient minimum contacts with the state of Ohio to facilitate a transfer that does not offend traditional notions of fair play and substantial justice.

## V.  CONCLUSION

For the reasons set forth above, this Court DENIES Defendant's Motion to Dismiss for Improper Venue and GRANTS Defendant's Motion to Transfer Venue to the Southern District of Ohio.

Dated: September 30, 2005                       /s/ James Ware
                                                JAMES WARE
                                                United States District Judge

**THIS IS TO CERTIFY THAT COPIES OF THIS ORDER HAVE BEEN DELIVERED TO:**

Christopher J. Sundermeier Sundermeierc@Cooley.com
Daniel Kaleba dkaleba@cooley.com
Jeffrey L. Fillerup jfillerup@luce.com

**Dated: September 30, 2005**                    **Richard W. Wieking, Clerk**

                                                  **By:__/s/ JW Chambers_____**
                                                  **Ronald L. Davis**
                                                  **Courtroom Deputy**

**United States District Court**
For the Northern District of California